IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 12, 1999

**CHARLES CLAY YOUNG v. DONAL CAMPBELL, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 98-2735-II     Carol L. McCoy, Chancellor**

———

**No. M1999-02788-COA-R3-CV - Filed September 24, 2002**

———

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding the calculation of his sentence expiration date. After the Department declined to give him credit for the time he had been on probation for a prior arson sentence, the prisoner filed suit against the Commissioner of Correction in the Chancery Court for Davidson County seeking 1,568 days of additional sentence credits. The trial court granted the Commissioner's motion for summary judgment after concluding that the Department's calculation of the prisoner's sentence was consistent with the sentencing court's orders and that it lacked jurisdiction to review the actions of the sentencing court. The prisoner has appealed. We have determined that the trial court properly dismissed the prisoner's petition for certiorari.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

WILLIAM C. KOCH, JR., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Charles Clay Young, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Kimberly J. Dean, Deputy Attorney General, Nashville, Tennessee, for the appellees, Donal Campbell, et al.

**OPINION**

**I.**

In 1989, Charles Clay Young was convicted of arson in the Criminal Court for White County and, in January 1990, was sentenced to six years in a community-based alternative corrections program. On August 16, 1990, the trial court, apparently without a hearing, entered an order removing Mr. Young from the community-based program and placing him on supervised probation.

Unfortunately, Mr. Young had not learned the error of his ways. In October 1994, he was convicted of two counts of solicitation to commit first degree murder and received two consecutive

ten-year sentences. The sentencing court also revoked Mr. Young's probation on his arson conviction and ordered him to serve the remainder of his six-year arson sentence before beginning to serve his two consecutive ten-year sentences.

When the Department of Correction originally calculated Mr. Young's new sentence expiration date, it neglected to give him credit for the 210 days for the time he had spent in the community corrections program in 1990. As a result of a suit by Mr. Young in 1998, the Department corrected its error by crediting him with 210 days against his total sentence.

Mr. Young then decided to press the point further by filing a second lawsuit in the Chancery Court for Davidson County against the Commissioner of Correction, claiming that he was entitled to an additional 1,568 days of credit against his arson sentence because he had been in the community corrections program for his entire arson sentence. The Commissioner moved for a summary judgment supported by an affidavit of a sentence technician stating that Mr. Young was not entitled to additional sentence credits because the August 16, 1990 order placing him on probation had removed him from the community corrections program.[1] Mr. Young responded by labeling the August 16, 1990 order as "fraudulent" and by requesting additional time to discover information regarding the circumstances surrounding the entry of the August 16, 1990 order. The Commissioner replied that Mr. Young already possessed copies of all the records from the White County proceedings and that the Department had calculated his sentence based on these records.

In June 1999, the trial court entered an order granting the Commissioner's summary judgment motion. The trial court concluded that the Department was required to compute sentences using the records of the sentencing court and that prisoners were not entitled to sentence credits for time spent on probation. Because the sentencing court's records showed that Mr. Young had been on probation since August 1990, the trial court concluded that the Department's calculation of his sentence expiration date was correct. The trial court also determined that it lacked jurisdiction to resolve Mr. Young's dispute with the sentencing court regarding its August 16, 1990 order. Accordingly, the trial court declined to grant Mr. Young additional time for discovery and dismissed his certiorari petition. Mr. Young has appealed.

## II.
## THE DENIAL OF MR. YOUNG'S MOTION FOR ADDITIONAL DISCOVERY

Mr. Young takes issue with the trial court's decision to grant the Commissioner's motion for summary judgment without first giving him an opportunity to obtain additional discovery regarding the entry of the August 16, 1990 order removing him from the community corrections program and placing him on probation. He insists that he should have been permitted to discover this information to demonstrate that the sentencing court did not afford him a hearing prior to the entry of that order.

---

[1] A prisoner is entitled to credit against his or her sentence for time spent in community corrections but is not entitled to similar credit for time spent on probation. Tenn. Code Ann. § 40-36-106(e)(3)(B) (Supp. 2001); *State v. Godwin*, No. 03C01-9710-CC-00479, 1998 WL 827215, at *1 (Tenn. Crim. App. Dec. 1, 1998) (No Tenn. R. App. P. 11 application filed); *Young v. State*, 539 S.W.2d 850, 854-55 (Tenn. Crim. App. 1976).

We have determined that the trial court did not err by denying Mr. Young's request for further discovery.

Litigants may use a motion for summary judgment to challenge their adversaries to put up or shut up on a critical issue in a case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). A moving party will be entitled to a summary judgment if it can demonstrate that the non-moving party will be unable to prove an essential element of its case on which it will bear the burden of proof at trial. *Byrd v. Hall*, 847 S.W.2d 208, 213 (Tenn. 1993); *Solomon v. FloWarr Mgt., Inc.*, 777 S.W.2d 701, 706 (Tenn. Ct. App. 1989). A non-moving party faced with this sort of summary judgment motion may invoke Tenn. R. Civ. P. 56.07 to request additional time to discover the information needed to respond. Motions under Tenn. R. Civ. P. 56.07 address themselves to the trial court's discretion. *Harden v. Danek Med., Inc.*, 985 S.W.2d 449, 453-54 (Tenn. Ct. App. 1998); *Masters by Masters v. Rishton*, 863 S.W.2d 702, 707 (Tenn. Ct. App. 1992). Accordingly, we review the trial court's decision on these motions for abuse of discretion. *Hughes v. Effler*, No. E2000-03147-COA-R3-CV, 2001 WL 881352 at *1 (Tenn. Ct. App. Aug. 7, 2001) *perm. app. denied* (Tenn. Dec. 27, 2001).

Once the Commissioner moved for summary judgment, the focus of Mr. Young's lawsuit shifted. It became a collateral attack on the August 16, 1990 order. A party seeking to collaterally attack a judgment must show that the challenged judgment was obtained by fraud or that the court rendering it lacked jurisdiction. Submitting an affidavit contradicting the recitals in a judgment or order is not enough to create a triable issue about the judgment's validity. *Glenn v. Gordon Constr., Inc.*, No. M2000-01805-COA-R3-CV, 2002 WL 598553 at *5 (Tenn. Ct. App. Apr. 19, 2002) (No Tenn. R. App. P. 11 application filed). A judgment of a court of general jurisdiction is conclusively presumed valid against collateral attack unless either the record from the court that rendered the judgment or the judgment on its face shows that the judgment or order is invalid. *Giles v. State ex rel. Giles*, 191 Tenn. 538, 545, 235 S.W.2d 24, 28 (1950); *Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408, 409-10 (Tenn. Ct. App. 1988).

Mr. Young believes that the August 16, 1990 order is "fraudulent" because the trial court did not conduct a hearing before entering it. The order itself provides some basis for concluding that the trial court did not conduct a hearing before entering the order because the order does not contain the customary recital that a hearing was held. However, no hearing was necessary. The sentencing court retains authority to alter or amend a criminal defendant's sentence once the defendant is placed in a community corrections program. Tenn. Code Ann. § 40-36-106(e)(2); *State v. Melton*, No. 01C01-9612-CC-00497, 1998 WL 113997, at *3 (Tenn. Crim. App. Mar. 12, 1998) (No Tenn. R. App. P. 11 application). The court must hold a hearing before re-sentencing a defendant to a harsher form of punishment. *State v. Samuels*, 44 S.W.3d 489, 493-94 (Tenn. 2001). However, a sentencing court is not required to conduct a hearing before reducing a defendant's sentence. Tenn. R. Crim. P. 35; *State v. Hodges*, 815 S.W.2d 151, 153-55 (Tenn. 1991).

Accordingly, the August 16, 1990 order is not invalid simply because the trial court did not conduct a hearing before entering it. There is nothing else on the face of the order that undermines its presumptive validity. Granting Mr. Young additional time to conduct discovery into the circumstances surrounding the entry of the order would have yielded no additional information

relevant to opposing the Commissioner's motion for summary judgment. Therefore, the trial court properly addressed the commissioner's motion without first affording Mr. Young time to conduct additional discovery.

## III.
### THE DISMISSAL OF MR. YOUNG'S PETITION

Mr. Young concedes that the summary judgment is appropriate if his challenge to the sentencing court's August 16, 1990 order fails.[2] We have determined that the August 16, 1990 order is valid on its face and that the trial court did not err by declining to grant Mr. Young additional time to discover evidence to oppose the Commissioner's motion. Because the Department must calculate sentences based on the sentencing documents, we have determined that the trial court properly concluded that Mr. Young was not entitled to 1,568 additional days of sentence credits against his arson sentence.

## IV.

We affirm the judgment dismissing Mr. Young's petition for common-law writ of certiorari and remand the case to the trial court for whatever further proceedings may be necessary, consistent with this opinion. We tax the costs of this appeal to Mr. Young for which execution, if necessary, may issue. We also find that the complaint and subsequent appeal are frivolous for the purposes of Tenn. Code Ann. § 41-21-807(c) (Supp. 2001) and Tenn. Code Ann. § 41-21- 816(a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE

---

[2]He states:

Had [I] conceded that the document was in fact a true and correct record from the White County Court, there would be no genuine issue to litigate before any court. Since [I] had no knowledge of this document, or any prior knowledge of the Community Corrections Sentence being Revoked, and no knowledge of any actions being taken to Revoke [me] from the Community Corrections Sentence, the only obvious conclusion . . . is that the document is fraudulent.